**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ALLEN MEREDITH JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-75 |
| | ) | |
| OFFICER J. WERNER[1], *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

*Pro se* prisoner Allen Meredith Johnson, Jr. has filed this 42 U.S.C. § 1983 Complaint alleging that he was detained without sufficient

---

[1] Johnson moves to correct what he refers to as a "clerical error." *See* doc. 6. His Complaint names an "OFC. Jerner" as a defendant. *See* doc. 1 at 1. His motion indicates that he intended to name "Officer J. Werner" as a defendant. Doc. 6 at 1. The undersigned's authority to grant a request to voluntarily dismiss a party is, at best, ambiguous. Federal Rule of Civil Procedure 72(b) requires a magistrate judge, in any pretrial motion "dispositive of a claim or defense" to "enter a recommended disposition," subject to a fourteen-day objections period and *de novo* review by the district judge. *Id.* Generally, "[o]rders granting leave to amend are non-dispositive, as they do not remove claims or defenses of a party." *Vanderwalker v. Quandt's Food Serv. Distribs., Inc.*, 934 F. Supp. 42, 48 (N.D.N.Y. 1996). There is some authority that a magistrate judge has authority to correct a misnomer, effectively dismissing the misnamed defendant and substituting the properly named defendant. *See Knutson v. Walker Grp., Inc.*, 343 F. Supp. 2d 971, 973 (D. Colo. 2004) (misnamed defendant filing a motion to dismiss "does not convert plaintiff's request to correct the name of the party into a dispositive motion." (citing Fed. R. Civ. P. 15, 17)); *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at * 3 (S.D. Ga. June 10, 2016) ("In the meantime, pursuant to Rule 21, the Court removes [a defendant] as a party."). Other

suspicion of criminal activity. *See* doc. 1 at 5-8. The Court granted him leave to pursue his case *in forma pauperis*, doc. 3, and he has returned the required forms, docs. 4 & 5. The Court, therefore, proceeds to screen the Complaint. *See* 28 U.S.C. § 1915A. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v.*

---

courts, however, have treated dismissals under Fed. R. Civ. P. 21 as requiring Rule 72's Report and Recommendation procedure. *See, e.g.*, *Uniloc 2017, LLC v. Google, LLC*, 2019 WL 6002205, at * 1 (E.D. Tex. Sept. 10, 2019); *Core Labs. LP v. AmSpec, LLC*, 2017 WL 1407652, at * 1 (S.D. Ala. Apr. 19, 2017). Even courts that treat such motions as within the magistrate judge's power are not wholly confident. *See Roden v. Floyd*, 2019 WL 2343676, at * 2, n.1 (E.D. Mich. May 31, 2019) ("Because Plaintiff's unopposed motion to voluntarily dismiss [a defendant], pursuant to Rule 21, is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dipositive matter which does not put an end to the proceedings before the Court, an opinion and order is effective. [Cit.] However, to extent the parties disagree, they may treat the Court's order on this motion as a report and recommendation and file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) . . . .").

Given that ambiguity, the Court grants the motion, but should any party object to the dismissal of "Officer Jerner," the Clerk is **DIRECTED** to convert this Order into a Report and Recommendation. Upon conversion of this Order into a Report and Recommendation, the Clerk shall submit the R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

*Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Johnson is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## I. Background

Johnson alleges that he was visiting a convenience store, located in Savannah, Georgia, on the evening of October 13, 2021. *See* doc. 1 at 5. The manager requested he "leave the store because [he] was banned." *Id.* Although Johnson alleges that the manager was mistaken, he nevertheless left the store. *Id.* While outside the store, he was approached by two "Chatham County officers," defendants Jermaine Spence and "J. Werner." *Id.* In response to the officers' questions, he stated his contention that he was not "banned." *Id.* They instructed him to "wait while they investigated the matter further and [he] complied." *Id.*

He alleges that subsequent investigation revealed that he was not "banned," and he prepared to leave on his bicycle. Doc. 1 at 5. Werner

informed him that he[2] was not free to leave, "because the store manager wanted [him] banned without a valid reason." *Id.* He states that the officers did not provide a reason for his detention. *Id.* Despite alleging that exchange occurred, Johnson also alleges that "[i]t had been unclear whether or not we still were being held . . . ." *Id.* at 6. When Johnson attempted to mount his bicycle to leave, the officers "surrounded [him] and beg[a]n screaming at [him] to get off the bike." *Id.* He protested that the officers' positions made it impossible for him to get off. *Id.* Officer Werner then "grabbed" him and informed him that he would "receive a charge for obstruction . . . ." *Id.* He was then detained in the back of a patrol car.

Once he was detained, officers searched his backpack. Doc. 1 at 6. They discovered "a bag," which contained "doctor prescribed medication for acute schizophrenia." *Id.* Johnson alleges that the medication was kept in the "bag" because he was homeless and that "because of the constant heat [and] cold the pills had disintegrated into a powder." *Id.* Johnson tried to explain the nature of the powder, but Werner "told him

---

[2] Johnson alleges that Werner "told *us* that *we* were not free to go . . . ." Doc. 1 at 5. However, he does not mention any other individuals in his prior narrative. *See id.*

to shut up." *Id.* at 7. Johnson demanded that the officers "field test" the powder, but they refused. *Id.*

Werner and Spence transported Johnson to "Ross Rd. Evidence." Doc. 1 at 7. While he was detained in the car with Spence, Werner took the bag "and supposedly tested the substance . . . ." *Id.* Several minutes later, another officer, Officer Crosby, informed Johnson that the powder tested "positive for cocaine." *Id.* at 8. Johnson alleges that the officers were not willing to listen to his explanation of the nature of the powder. *Id.* Instead, he was taken to Chatham County Detention Center and "booked for possession of cocaine [and] obstruction." *Id.* He was then, "held without bond for 83 days . . . ." *Id.* He seeks "to be compensated, monetarily, for [his] loss of wages, property and time." *Id.* at 10.

Johnson's factual allegations implicate a claim for false arrest. "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).[3] "Under the

---

[3] Detention after a false arrest can, in some circumstances, implicate "the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). However, where, as here, a plaintiff "premised his claims on his alleged unlawful arrest . . . [,] . . . [those] claims should be analyzed under the Fourth Amendment, not the Due Process Clause of the Fourteenth Amendment." *Jordan v. Mosley*, 298 F. App'x 803, 805 (11th Cir. 2008).

Fourth Amendment, which is applicable to the States through the Fourteenth Amendment, persons have the right not to be arrested without probable cause. [Cit.] Violation of this right may give rise to a claim for damages pursuant to section 1983 . . . ." *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (citations omitted); *see also Ortega*, 85 F.3d at 1525 ("A warrantless arrest without probable cause violates the Fourth Amendment and forms the basis for a section 1983 claim." (citation omitted)). "[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest." *Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020). "An arrest without a warrant and lacking probable cause violates the Constitution and can underpin a § 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). Georgia law also recognizes a tort arising from an unlawful warrantless arrest. *See* O.C.G.A. § 51-7-20; *see also Smith v. Wal-Mart Stores East, LP*, 765 S.E.2d 518, 521 (Ga. App. Ct. 2014)

(explaining distinction between false arrest, pursuant to O.C.G.A. § 51-7-1, and false imprisonment, under O.C.G.A. § 51-7-20).[4]

## II. Savannah Police Department

Johnson's Complaint ambiguously names Savannah Police Department as a defendant. *Compare* doc. 1 at 1 (listing Savannah Police Department as a defendant in the case caption), *with id.* at 4 (omitting Savannah Police Department from the listed defendants, but stating it is Officer Spence's "Place of employment"). As this Court has frequently explained, "[t]he Savannah Police Department (formerly known as the Savannah-Chatham Metropolitan Police Department) . . . is not a legal entity subject to suit . . . ." *Nicholson v. Harrel*, 2019 WL 1782138, at *1 (S.D. Ga. Mar. 18, 2019) (citing, *inter alia.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)). Any claim against the Police Department, as an entity, should, therefore, be **DISMISSED**.

---

4 The elements of a false imprisonment claim under Georgia law "are the arrest or detention and the unlawfulness thereof." *Miller v. Grand Union Co.*, 552 S.E.2d 491, 494 (Ga. App. Ct. 2001) (internal quotation marks and citation omitted). Where officers have probable cause for a warrantless arrest, the inherent detention is not "unlawful" within the meaning of O.C.G.A. § 51-7-20. *See Pinkston v. City of Albany*, 395 S.E.2d 587, 588 (Ga. App. Ct. 1990).

## III. Officer Crosby

To the extent that Johnson asserts either a state-law false imprisonment or a federal false arrest claim against Officer Crosby, he fails to state a claim upon which relief can be granted. Officer Crosby does not appear in the narrative of Johnson's allegations until after he was arrested. *See* doc. 1 at 7. Moreover, the allegations do not suggest that he participated at all in the events related to Johnson's arrest. He merely asserted that he "witnessed" the test of the powder that allegedly produced a positive result for cocaine. *Id.* at 7-8. "Merely being present with the arresting officers at the scene is not enough [to support § 1983 false-arrest liability], unless the plaintiff can show that the defendant officer was part of the chain of command authorizing the arrest action." *Brown*, 608 F.3d at 737. As to Johnson's state-law claim, there is simply no allegation that Crosby ever detained him. *See* O.C.G.A. § 51-7-20. At most, Johnson alleges that Crosby was present during events that, perhaps, prolonged his detention, but after his arrest had already

occurred. Johnson's claims against Crosby should, therefore, be **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1).

## IV. Officers Werner and Spence

Johnson's false arrest claims against Werner and Spence are more complicated. Johnson clearly alleges he was "arrested," to the extent that he claims he was not free to leave. *See, e.g., United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (Fourth Amendment seizure occurs "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."); *Hackett v. Fulton Cnty. Sch. Dist.*, 238 F. Supp. 2d 1330, 1370 (N.D. Ga. 2002) ("Any restraint, however slight upon another's liberty to come and go as he pleases, constitutes an arrest," within the meaning of O.C.G.A. § 51-7-20 (internal quotation marks and citation omitted)). While the Court is skeptical that officers did not have probable cause, at least once they discovered the bag containing an unidentified powder, *cf. United States v. Vasquez*, 638 F.2d 507, 525 (2d Cir. 1980) ("After one of the officers found white powder in the yellow plastic bag . . . there was probable cause to arrest him."), the analysis of when the escalating restrictions upon Johnson's freedom ripened into an "arrest," and what the basis for the

seizure was at that point, are not appropriate considerations for the Court at screening. *See, e.g., United States v. Sharpe*, 470 U.S. 675, 685 (1985) (recognizing potential for "difficult line-drawing problems in distinguishing an investigative stop from a *de facto* arrest."); *United States v. Acosta*, 363 F.3d 1141, 1145-46 (11th Cir. 2004) ("There is a difference between an investigative stop of limited duration for which reasonable suspicion is enough, and a detention that amounts to an arrest for which probable cause is required. The difference is one of extent, with the line of demarcation resulting from the weighing of a limited violation of individual privacy involved against the opposing interests in crime prevention and detection and in the police officer's safety." (internal quotation marks and citation omitted)). Accordingly, Johnson's Complaint can be served upon defendants Werner and Spence.

Since plaintiff's Amended Complaint alleges claims that survive screening, it may be served, and he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Although Rule 4's Marshal-service mandate is clear, the Court's interest in preserving resources and minimizing burden on the Marshal's staff permit first attempting to secure defendants' waiver of formal service, as contemplated by Fed. R.

Civ. P. 4(d) and this Court's Local Rules. *See* S.D. Ga. L. Civ. R. 4.5 ("In cases in which the plaintiff is authorized to proceed [IFP] . . ., unless personal service by the Marshal is ordered by the Court, the Marshal may utilize any other form of service or waiver authorized by Federal Rule of Civil Procedure 4." (emphasis added)); *see also* Charles Alan Wright, Arthur R. Miller, *et al.*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed. 2017) (noting that the policy supporting Marshal service for IFP plaintiffs "is to provide service for those who cannot afford private service," but "the plaintiff [or, in this case, the Clerk] should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible" should service by the Marshal be used). Other Courts have also directed that Court staff make an attempt to secure defendant's waiver of formal service before requiring the Marshal to effect formal service. *See, e.g., Dunn v. Federal Express*, 2014 WL 1028949, at *2–3 (N.D. Ga. Mar. 14, 2014) (directing attempt to secure service waiver, and directing USMS service "[i]n the event Defendant does not return the Waiver of Service form to the Clerk of Court" within the specified period).

Therefore, the Clerk is **DIRECTED** to prepare a service waiver package for the defendants, Officer Jermaine Spence and Officer J. Werner, to be sent to the following publicly available address:

Savannah Police Department Headquarters
201 Habersham Street
Savannah, Georgia 31401

*See* Savannah Police, https://savannahpd.org/ (last visited April 28, 2022). That package must include, for each defendant: a Rule 4 notice of Lawsuit and Request to Waive Service of Summons (prepared by the Clerk); two copies of the Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first-class postage for use by the defendant for return of the waiver form; copies of the Complaint, doc. 1, the Motion to Correct Clerical Error, doc. 6, and this Order and Report and Recommendation.

Next, the Clerk shall mail the service waiver package to the defendants at the above address. The defendants are under a duty to avoid unnecessary costs of personally serving the summons. If they fail to comply with the mailed request for waiver of service, they must bear the costs of personal service, unless good cause can be shown for failure to return the Waiver of Service form. *See* Fed. R. Civ. P. 4(d)(2). Should

any defendant fail to waive service within sixty days following the date the service waiver package is mailed (the Clerk shall docket that act), the Clerk will prepare and transmit a service package to the Marshal. The service package must include a fully completed USM 285 form, the summons, one copy of the Complaint, doc. 1, and one copy of this Order and Report and Recommendation. Upon receipt of the service package, the Marshal is **DIRECTED** to promptly attempt to personally serve the defendants.

## V. Conclusion

In summary, Johnson's Motion to Correct Clerical Error is **GRANTED**. Doc. 6. His claims against Officers Werner and Spence are approved for service, pursuant to the instructions above. His claims against the Savannah Police Department and Officer Crosby should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**VI. Filing Fee**

Finally, the Court must assess Johnson's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects $112.50 in average monthly deposits. Doc. 5 at 1. Based upon his furnished information, he owes a $22.50 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches

$10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.[5]

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 4th day of May, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

[5] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.