IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALLEN MEREDITH JOHNSON, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OFFICER JERMAINE SPENCE and ) <br> OFFICER J. WERNER, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV422-075 |

### O R D E R

Before the Court is the Magistrate Judge's January 6, 2023, Report and Recommendation (Doc. 31), to which Plaintiff Allen Meredith Johnson has filed an objection (Doc. 33). After a careful review of the record, Plaintiff's objection (Doc. 33) is **OVERRULED**, and the report and recommendation (Doc. 31) is **ADOPTED** as the Court's opinion in this case. Defendants Jermain Spence and Jeffrey Werner's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. (Doc. 19.) Plaintiff's Complaint is **DISMISSED**. (Doc. 1.)

### BACKGROUND

Since there are no objections to the factual summary included in the report and recommendation, the Court relies on that account here. This case arose when Plaintiff was confronted by Defendant police officers Spence and Werner outside a convenience store. (Doc. 31 at 2.) Defendants detained Plaintiff for investigative purposes. (Id.) Based on that detention, and Plaintiff's

allegation that Defendants lacked the requisite suspicion, the Magistrate Judge approved the claim for service. (Id. at 3; see also Doc. 7 at 9-10.) Defendants moved to dismiss Plaintiff's complaint based on qualified immunity. (Doc. 31 at 3-4; see also Doc. 19, Attach. 1 at 3-6.) The Magistrate Judge construed a procedurally ambiguous filing as Plaintiff's response in opposition to the motion. (Doc. 31 at 4; see also Doc. 29.) The Magistrate Judge recommended that the Defendants' motion be granted. (Doc. 31 at 11.)

## LEGAL STANDARD

The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

## ANALYSIS

As the Magistrate Judge explained (Doc. 31 at 4), the doctrine of qualified immunity is "intended to allow government officials to carry out their discretionary duties without the fear of personal liability of harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating

2

the federal law." Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012) (internal quotation marks and citation omitted). To rely upon qualified immunity, a defendant must first show that the challenged conduct was within his discretionary authority. Mobley v. Palm Beach Cnty. Sheriff Dep't, 783 F.3d 1347, 1352 (11th Cir. 2015). Here, it is clear that the detention at issue was within Defendants' discretionary authority. See Townsend v. Coffee Cnty., 854 F. Supp. 2d 1345, 1356 (S.D. Ga. 2011) ("Carrying out an investigatory stop and making an arrest are quintessentially discretionary acts of law-enforcement officials."); (see also, e.g., Doc. 33 at 2 (acknowledging detention was within defendants' discretionary authority but contending conduct violated the Fourth Amendment).) Thus, Defendants have satisfied the threshold requirement of their qualified immunity defense.

Because Defendants successfully made their threshold showing for qualified immunity, the burden shifted to Plaintiff to show that his clearly established constitutional rights were violated. See Leslie v. Hancock Cnty. Bd. of Educ., 720 F.3d 1338, 1345 (11th Cir. 2013); see also, e.g., Clayton v. Savannah Chatham Metro. Police Dep't, No. CV415-93, 2020 WL 603712, at *8 (S.D. Ga. Feb. 6, 2020) ("If it is shown that the officials acted within their discretionary authority, the burden shifts to plaintiff(s) to demonstrate that qualified immunity is not appropriate."). The Magistrate Judge agreed with Defendants' contention that the

3

facts, as alleged in Plaintiff's complaint, showed Defendants had arguable probable cause to arrest Plaintiff for misdemeanor obstruction, sufficient to support their qualified immunity defense. (See Doc. 31 at 8-10.)

In his objection, Plaintiff points to nothing that undermines the Magistrate Judge's analysis. First, Plaintiff mistakes the applicable burden, arguing "[t]here is no evidence presented by Defendants that can be favorable to demonstrate whatsoever that the Plaintiff hindered their investigation . . . ." (Doc. 33 at 3.) However, given that Defendants acted within their discretionary authority, it is Plaintiff's burden, not Defendants, to show a violation of a clearly established constitutional right. Second, Plaintiff fails to address the arguable probable cause identified by the Magistrate Judge. Instead, he argues that Defendants "can[not] deny that they did not know the Plaintiff was not banned [from the convenience store] prior to him attempting to leave." (Id.) However, as the Magistrate Judge explained, it was Plaintiff's noncompliance with Defendants' instructions that provided arguable probable cause. (See Doc. 31 at 9-10.) Whether Defendants' instructions to Plaintiff were ultimately mistaken is irrelevant. (Id.) As this Court explained in Townsend, arguable probable cause was established to arrest a plaintiff for misdemeanor obstruction under O.C.G.A. § 16-10-24 where it was undisputed that "Plaintiff was noncompliant with [an officer's]

4

orders." 854 F. Supp. 2d at 1357-58. Plaintiff's objection concedes, if only implicitly, that he attempted to leave despite the officers' instructions. (See Doc. 33 at 4 ("[T]o detain and then arrest the Plaintiff[ ] for attempting to leave, in truth though the officer may not [have] cleared him to leave . . . .").) Whether Plaintiff is correct that at some point Defendants' original basis to detain him expired, his noncompliance with their instructions provided arguable probable cause to arrest him. See Townsend, 854 F. Supp. 2d at 1358 ("Refusing to comply with an officer's command is sufficient to form the basis of an obstruction charge," and collecting cases); see also Rickerson v. Jeter, No. 21-12563, 2022 WL 2136017, at *3 (11th Cir. June 14, 2022) ("Even assuming for the sake of argument that [false-arrest plaintiff's] actions were justified . . . , the existence of an affirmative defense [to obstruction] does not negate arguable probable cause for purposes of qualified immunity."). Therefore, Defendants are entitled to dismissal of Plaintiff's false arrest claim on qualified immunity grounds. See, e.g., Brivik v. Law, 545 F. App'x 804, 807 (11th Cir. 2013) (finding district court properly granted motion to dismiss § 1983 claims on qualified immunity grounds where

defendant officer "had arguable probable cause to arrest [plaintiff]").

## CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objection (Doc. 33), and **ADOPTS** the report and recommendation (Doc. 31) as the Court's opinion in this case. Consequently, Defendants' motion to dismiss is **GRANTED** (Doc. 19), and Plaintiff's complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 9th day of February 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA